# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| ANTOINE KEANE,<br><br>                              Plaintiff,<br><br>        v.<br><br>EARLY WARNING SERVICES, LLC dba EARLY WARNING and KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK;<br><br>                              Defendants. | Index No.<br><br>**SUMMONS**<br><br>Date Index No. Purchased: |

To the above-named Defendants:

| **EARLY WARNING SERVICES, LLC dba EARLY WARNING**<br>c/o National Corporate Research, Ltd.<br>122 East 42nd Street, 18th Floor<br>New York, NY 10168 | **KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK**<br>127 Public Sq.<br>Cleveland, OH 44114 |
|---|---|

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is CPLR § 503(c) based on Plaintiff's residence in New York County.

Dated: New York, New York
       March 20, 2025

                                        _____
                                        Brian L. Ponder, Esq.
                                        BRIAN PONDER LLP
                                        745 Fifth Avenue, Suite 500
                                        New York, New York 10151
                                        Tel: (646) 450-9461 / Fax: (646) 607-9238
                                        Email: brian@brianponder.com
                                        ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| ANTOINE KEANE,<br><br>         Plaintiff,<br><br>    v.<br><br>EARLY WARNING SERVICES, LLC dba EARLY WARNING and KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK;<br><br>         Defendants. | Index No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND**<br><br>Date Index No. Purchased: |

## I. INTRODUCTION

Plaintiff ANTOINE KEANE as and for his Verified Complaint and Jury Demand against Defendants EARLY WARNING SERVICES, LLC dba EARLY WARNING and KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK (collectively "Defendants") alleges:

## II. PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, as well as declaratory and injunctive relief arising from Defendants' willful and negligent violations of:

    a. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*;

    b. The New York Fair Credit Reporting Act ("NYFCRA"), General Business Law ("GBL") Art. 25 § 380, *et seq.*; and

    c. The New York Deceptive Practices Act, NY GBL Art. 22-A, § 349.

2. Defendants have reported, maintained, and furnished false and defamatory information in Plaintiff's consumer report, specifically a false allegation of "Checking Account Fraud," which has severely impaired Plaintiff's ability to access banking services, credit, and financial opportunities.

3. Defendants' conduct has proximately caused financial harm, reputational injury, and emotional distress.

### III. PARTIES

4. Plaintiff ANTOINE KEANE ("Plaintiff" or "Mr. Keane") is a natural person residing in New York, New York.

5. Defendant Defendants EARLY WARNING SERVICES, LLC dba EARLY WARNING ("EWS") is a consumer reporting agency incorporated in Delaware with a principal place of business at 5801 N Pima Road, Scottsdale, Arizona 85250, and conducts business in New York.

6. Defendant KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK ("KeyBank") is a national banking association and furnisher of consumer information to consumer reporting agencies, including EWS. Key Bank operates in the State of New York.

### IV. JURISDICTION AND VENUE

7. Jurisdiction is proper under CPLR §§ 301 and 302.

8. Venue is proper in New York County pursuant to CPLR § 503(a), as Plaintiff resides in this County.

### V. FACTUAL ALLEGATIONS

9. On or about July 2024, Plaintiff discovered that EWS was reporting an entry furnished by Key Bank under Contribution Ref #: 000000000150349594-1, stating falsely that Plaintiff had committed "Checking Account Fraud."

10. On March 1, 2025, Plaintiff submitted a written dispute, dated February 28, 2025, to EWS, pursuant to his rights under the FCRA and NYFCRA, affirmatively stating, in summary,

that the allegation of "Checking Account Fraud" concerning Key Bank was false and unsupported, and demanding deletion of the information from his EWS consumer file.

11. A true and correct copy, except for redacted confidential personal information, of Plaintiff's written dispute submitted to EWS is attached here to and incorporated herein by reference as **Exhibit A**.

12. EWS acknowledged receipt of the dispute and opened a reinvestigation (Dispute Case ID: 758715).

13. On or about March 13, 2025, EWS responded to Plaintiff, stating it had completed its reinvestigation and had determined that the information was "accurate and complete" as of the date furnished.

14. A true and correct copy, except for redacted confidential personal information, of EWS' response to Plaintiff dated March 13, 2025, is attached hereto and incorporated herein by reference as **Exhibit B**.

15. EWS failed to conduct a reasonable reinvestigation as required under 15 U.S.C. § 1681i(a) and NY GBL § 380-f, and failed to delete or correct unverifiable and inaccurate information.

16. EWS also violated 15 U.S.C. § 1681e(b) and NY GBL § 380-j(e) by failing to maintain procedures to ensure the maximum possible accuracy of Plaintiff's consumer file.

17. EWS has furnished this inaccurate information to third parties, including but not limited to, banks, creditors, and prospective creditors who have relied upon the false data in denying Plaintiff access to financial products and services.

18. As a direct and proximate result of EWS's conduct, Plaintiff has suffered denials of bank accounts, closures of existing accounts, rejection of credit applications, lost financial opportunities, emotional distress, reputational harm, and other damages.

19. Key Bank, as the furnisher of the inaccurate information, failed to conduct a reasonable investigation into the accuracy of the disputed item upon notice from EWS as required by 15 U.S.C. § 1681s-2(b) and NY GBL § 380-f.

20. Key Bank continued to verify and maintain inaccurate and defamatory data despite knowledge of its falsity.

## VI. CAUSES OF ACTION

### Count I – Violation of FCRA (15 U.S.C. § 1681e(b)) – Against EWS

19. Plaintiff reasserts and realleges all of his allegations set in the paragraphs above verbatim.

20. EWS failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer file and consumer report, in violation of federal law.

### Count II – Violation of FCRA (15 U.S.C. § 1681i) – Against EWS

20. Plaintiff reasserts and realleges all of his allegations set in the paragraphs above verbatim.

21. EWS failed to conduct a reasonable reinvestigation of Plaintiff's dispute, causing harm.

### Count III – Violation of FCRA (15 U.S.C. § 1681s-2(b)) – Against Key Bank

21. Plaintiff reasserts and realleges all of his allegations set in the paragraphs above verbatim.

22. Key Bank failed to reasonably investigate Plaintiff's dispute, violating its statutory obligations.

### Count IV – Violation of NYFCRA (GBL § 380 et seq.) – Against Both Defendants

22. Plaintiff reasserts and realleges all of his allegations set in the paragraphs above verbatim.

23. Defendants violated multiple provisions of the NYFCRA, including failing to maintain accurate reports, conduct reinvestigations, and correct false information.

**Count V – Violation of New York Deceptive Practices Act (GBL § 349) – Against EWS**

23. Plaintiff reasserts and realleges all of his allegations set in the paragraphs above verbatim.

24. EWS engaged in deceptive acts by reporting, maintaining, and disseminating false information while purporting to provide accurate consumer reports.

25. EWS's conduct is consumer-oriented and affects the public interest, warranting relief under NY GBL § 349.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendants as follows:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages under federal and New York law;

c. Punitive damages for willful noncompliance;

d. An order directing deletion of the inaccurate information;

e. Attorneys' fees and costs; and

f. Such other and further relief as the Court deems just and proper.

## VIII.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable on all causes of action.

Dated: New York, New York
       March 20, 2025

Respectfully submitted,

_[signature]_

Brian L. Ponder, Esq.
BRIAN PONDER LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (646) 450-9461
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| ANTOINE KEANE,<br><br>                             Plaintiff,<br><br>              v.<br><br>EARLY WARNING SERVICES, LLC dba EARLY WARNING and KEYBANK NATIONAL ASSOCIATION dba KEYBANK and KEY BANK;<br><br>                             Defendants. | Index No.<br><br>**PLAINTIFF'S VERIFICATION PURSUANT TO NY CPLR § 3020** |

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, **Antoine Keane**, the Plaintiff in the within action, being duly sworn, deposes and says:

I have read the foregoing **Verified Complaint and Jury Demand** and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by my attorney is because the facts are within my personal knowledge.

Dated: New York, New York
        March 20, 2025

_Antoine Keane_
Antoine Keane

Sworn to before me this
20th day of March, 2025 by Antoine Keane.

_Sharonda Rena Randall_
Notary Public

State of Texas, County of Harris
Commission No. 13325590-2
My Commission Expires: 08/06/2025



Electronically signed and notarized online using the Proof platform.

# Exhibit A

**Antoine Keane**

███████████

New York, NY 10001

February 28, 2025

**Early Warning Services, LLC**
Attn: David Oppenheim, Mark Travi, Cameron Fowler, Paul Finch, and Christina Reese
5801 N Pima Road
Scottsdale, AZ 85250-2635
VIA U.S.P.S. CERTIFIED MAIL/RETURN RECEIPT REQUESTED AND EMAIL
(david.oppenheim@earlywarning.com, mark.travi@earlywarning.com; marktravi@gmail.com; cameron.fowler@earlywarning.com; camfowler@yahoo.com; paul.finch@earlywarning.com, christina.reese@earlywarning.com, christinareese@gmail.com)

**Re:** Dispute of Inaccurate Information in Consumer File – Key Bank Entry

To **Early Warning Services, LLC,** *et al*.:

My name is Antoine Keane. My Social Security Number is ███████. My DOB is ██████. I am writing to formally dispute the inaccurate and misleading information reported in my consumer file maintained by Early Warning Services, LLC. Specifically, the entry contributed by Key Bank under Contribution Ref #: 000000000150349594-1, which falsely accuses me of "Checking Account Fraud," is incorrect and must be deleted immediately pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.

**Basis for Dispute**
- The allegation of "Checking Account Fraud" is completely false. I have never engaged in fraudulent activity with the subject account or any account associated with Key Bank.
- The erroneous entry has directly caused me harm, including:
    - The denial of banking and credit opportunities.
    - The closure of bank accounts and the loss of access to financial services.
    - The rejection of credit applications, lines of credit, and financial products that I would have otherwise been eligible for but for this incorrect reporting.
- This inaccurate reporting constitutes a violation of the FCRA, which requires consumer reporting agencies to ensure the maximum possible accuracy of consumer files (15 U.S.C. § 1681e(b)).



**Legal Basis for Deletion**

Pursuant to the FCRA:

- **15 U.S.C. § 1681i(a)(1)(A):** I am exercising my right to dispute inaccurate information, and I demand that you conduct a reinvestigation of this disputed item.
- **15 U.S.C. § 1681i(a)(5)(A):** If the investigation does not verify the accuracy of the Key Bank entry, you are required to delete it from my consumer file.
- **15 U.S.C. § 1681g(a):** Due to the adverse effects I have suffered within the last 30 days because of this false entry, I request a complete copy of my updated consumer file after your reinvestigation is completed.

**Requested Action**

- Immediately initiate a reinvestigation of the Key Bank entry.
- Remove the incorrect "Checking Account Fraud" allegation and Key Bank tradeline from my consumer file in accordance with your obligations under the FCRA.
- Provide me with written confirmation of the results of your reinvestigation and a copy of my updated consumer file once this matter is resolved.
- Ensure that all institutions and parties who have accessed or relied on this inaccurate information are notified of its deletion.

I have enclosed a copy of my driver's license as proof of my identity and mailing address. Please send all correspondence and results of the reinvestigation to my address listed above.

If you fail to remove this inaccurate information, I am prepared to escalate this matter to the Consumer Financial Protection Bureau (CFPB), the Federal Trade Commission (FTC), and other appropriate regulatory bodies.

Please consider this a formal dispute under the FCRA, and I expect a response within the legally required 30-day timeframe.

Sincerely,

*Antoine Keane*

**Antoine Keane**

Enclosure

2



3

# Exhibit B



Early Warning
5801 N Pima Road
Scottsdale, AZ 85250
Phone 800.745.1560
www.earlywarning.com

March 13, 2025

Antoine Keane
█████████████
New York, NY 10001

**Dispute Case ID:** 758715
**Bank Name:** Key Bank
**Reference #:** 000000000150349594-1

Dear Antoine Keane:

We are in receipt of your dispute of the information contained in your file and the reinvestigation of the accuracy of the reported information has been completed. The reinvestigation confirms that the information contained in your file is accurate and complete as of the date it was furnished to our database.

If the reinvestigation does not resolve your dispute regarding the accuracy or completeness of the report, you may submit a brief written rebuttal statement setting forth the nature of your dispute. See your File Disclosure for additional information.

Upon your written request(s) Early Warning will:
1. Furnish a copy of your updated report, including the rebuttal statement, to parties who have received a copy of your file during the preceding two years for employment purposes or during the preceding six months for all other purposes.
2. Provide you with a copy of our reinvestigation procedures, including the contact information for any furnisher of information.

Please call 800-745-1560 if you wish to discuss this matter, or to schedule an appointment to meet with a Consumer Services representative at our Scottsdale, AZ office.

Sincerely,
Consumer Services
Early Warning

©2025 Early Warning Services. All Rights Reserved. Confidential and proprietary